**Lavere C. and Doris J. BAUGHMAN, et al., Plaintiffs,**

v.

**BRADFORD COAL COMPANY, INCORPORATED, Defendant.**

Civ. A. No. 76–1609.

United States District Court, W. D. Pennsylvania.

May 25, 1977.

Marvin A. Fein, Pittsburgh, Pa., for plaintiffs.

David S. Watson, Pittsburgh, Pa., James K. Nevling, Clearfield, Pa., for defendant.

## OPINION

MARSH, District Judge.

The plaintiffs reside in Bigler, Pennsylvania, in close proximity to the defendant's coal processing plant. In this action, plaintiffs allege that voluminous amounts of coal dust escape from the defendant's facilities and cause damage and deterioration to plaintiffs' health and property. Plaintiffs are seeking to enjoin the defendant from operating the processing plant (1) until defendant receives a permit from the Pennsylvania Department of Environmental Resources, and (2) unless the plant is operated in compliance with the applicable emission limitations promulgated under the Pennsylvania Air Pollution Control Act. Plaintiffs also seek compensatory and punitive damages.

Defendant has filed a motion to dismiss alleging: that Section 304 of the Clean Air Act (42 U.S.C. § 1857h–2) does not grant a private cause of action to recover damages; that the plaintiffs lack standing and this court lacks jurisdiction because the Commonwealth of Pennsylvania has commenced and is prosecuting a civil enforcement action against the defendant before the Pennsylvania Environmental Hearing Board (76–096–CP–W); and, that several plaintiffs failed to give notice as required by Section 304(b)(1)(A) of the Clean Air Act. After due consideration of the written and oral arguments of counsel,[1] defendant's motion will be denied.

---

1. Oral argument on defendant's motion was held on April 12, 1977. Counsel for the defend-

ant did not present an argument at that time, but instead requested leave to submit a reply

Section 304(a) of the Clean Air Act (42 U.S.C. § 1857h–2(a)) provides that any person may bring an action in a federal district court to enforce an emission standard or limitation in an implementation plan. The Pennsylvania Air Pollution Control Act is part of the approved Pennsylvania Implementation Plan enforceable under the Clean Air Act. An exception in the Clean Air Act prohibits the bringing of such an enforcement action

"if the Administrator or State has commenced and is diligently prosecuting a civil action in a Court of the United States or a state to require compliance with the standard, limitation or order, . . . ."

42 U.S.C. § 1857h–2(b)(1)(B).

■ Defendant has alleged that the action now before the Pennsylvania Environmental Hearing Board satisfies this exception and thus bars the plaintiffs' action. However, according to the affidavit of Larry W. Wonders, regional air pollution control engineer for the Pennsylvania Department of Environmental Resources and the state official with enforcement responsibility for the Bigler area, the Commonwealth

"has not prosecuted a civil action in a court of the United States or in the courts of Pennsylvania to require compliance with the Pennsylvania state implementation plan or any portion thereof, . . . ."

Documents accompanying this affidavit demonstrate that the complaint filed before the Pennsylvania Environmental Hearing Board seeks the assessment of civil penalties for past damages to the Commonwealth's air resources, but that the complaint does not seek to require compliance with air quality standards. Defendant has submitted no affidavit to the contrary. We cannot conclude that the complaint before the state board bars the plaintiffs' action in this court.

■ With respect to the issue of notice, plaintiffs contend that the statutory requirements were satisfied by a letter dated October 26, 1976, from plaintiffs' counsel to the Administrator of the Environmental Protection Agency. A copy of this letter attached to plaintiffs' brief indicates that copies were sent to Alan Walker, president of the defendant corporation, and to various state and federal officials. The letter stated that 16 named families in Bigler[2] and various other citizens of Bigler intended to file an action in federal court against Bradford Coal Company pursuant to the Clean Air Act. Plaintiffs' complaint was filed December 27, 1976. Defendant responded to the complaint by filing the motion to dismiss on February 28, 1977. Thus, even if the October 26th letter is not considered satisfactory notice, the defendant had the benefit of more than 60 days notice before responding to the complaint. The purposes of the notice provision have been fulfilled, *Metropolitan Washington Coalition for Clean Air v. District of Columbia,* 167 U.S. App.D.C. 243, 248, 511 F.2d 809, 814 (1975), and the action will not be dismissed for lack of notice.

The section of the Clean Air Act authorizing citizen suits § 1857h–2(e) entitled "Non-restriction of other rights" provides:

"Nothing in this section shall restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any emission standard or limitation or seek any other relief . . . ."

Thus, with respect to the issue of damages although there is no provision in the

---

brief. The reply brief was received May 10, 1977.

**2.** The letter listed the following names: Mr. and Mrs. Fred Albert; Mrs. Mabel Bock; Mr. Wallace Dixon; Mr. George Elinsky; Mr. and Mrs. Robert Ellinger; Mr. and Mrs. Hollis Knepp; Mr. and Mrs. Harold Lansberry; Mr. and Mrs. Carl Leidholm; Mr. James Lombardo; Mr. Delbert Marsh; Mr. and Mrs. Lyle Miller;

Mr. and Mrs. Richard Swanson; Mr. Howard C. Shaffer; Mr. and Mrs. Edward Welch; Mr. Abe Wisor, Jr.; Mr. and Mrs. Thomas Wisor. Those plaintiffs not specifically named in the letter were: Lavere C. and Doris J. Baughman; Ernest and Jessie Billotte; Violet Dixon; Ruth Elinsky; Catherine Lombardo; Janet H. Marsh; Loraine G. Shaffer; Abram and Mabel L. Wisor; Leda Jane Wisor.

Act itself specifically authorizing a district court to award damages for injuries to person or property in citizen suits, it may be that a citizen has a right to sue a statutory violator at common law for damages for such injuries. Therefore, it may be that a district court could in its discretion take jurisdiction of a pendent action for such damages. See dicta in *Delaware Citizens For Clean Air, Inc. v. Stauffer Chemical Co.*, 367 F.Supp. 1040, 1047 (D.Del.) *aff'd* 510 F.2d 969 (3d Cir. 1975).

An appropriate order will be entered.